# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| APRIL MONIQUE LUCAS,<br><br>Plaintiff,<br><br>v.<br><br>SANDY CITY POLICE DEPARTMENT; and ANTHONY GRIFFITHS, Detective, Sandy Police 152,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT<br><br>Case No. 2:24-cv-00867-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff April Monique Lucas's ("Ms. Lucas") complaint.[2] Ms. Lucas has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Lucas's complaint under the authority of the IFP Statute. For the reasons stated below, the court finds that Ms. Lucas fails to state a claim and, therefore, the court orders Ms. Lucas to file an amended complaint by February 28, 2025.

---

[1] ECF No. 6.

[2] ECF No. 1.

[3] ECF No. 5.

## BACKGROUND

Ms. Lucas names as defendants Sandy City Police Department and Detective Anthony Griffiths ("Mr. Griffiths").[4] Ms. Lucas's complaint contains the following allegations in support of her claims:

> [Ms. Lucas's] sister called [her] at noon on August 28th while [Ms. Lucas] was eating lunch. [Her sister] was speaking with [Mr. Griffiths], who wanted to know where [Ms. Lucas's] nephew was. When [Ms. Lucas] told him that [she] was at work and didn't know, [Mr. Griffiths] kept telling [her] that [she] wasn't being truthful. Once [she] repeated the information and asked him what it was about, he threatened to visit [her] house multiple times to arrest [her], which is against Utah Code Section 76-5-107. [Mr. Griffiths] intimidate[ed]/threat[ened] [her] in an attempt to get [her] to confess to something that wasn't right. [Mr. Griffiths] said [she] was going to jail several times, abusing his power to discriminate against [her] and defame [her] character, as well as fabricat[ing] evidence to try to convict [her] of a crime [she is] not committing. [Mr. Griffiths][h]arassed [her] because of [her] sister being investigated, [U]tah [C]ode [S]ection 31-7-1. [Mr. Griffiths] [m]ade a false report about [Ms. Lucas] by wrongfully pursuing a suspect family member and using the other family as a bargaining tool.[5]

Based upon these allegations, Ms. Lucas asserts causes of action for "harassment and threats" "racial[] profiling and discrimination," "holding family member as bargain tool," "threatening . . . arrest," "defamation of character," and "providing false statement fabricating information," purportedly under 42 U.S.C. § 1983.[6]

---

[4] ECF No. 1.

[5] *Id.* at 3-4.

[6][6] *Id.*

**LEGAL STANDARDS**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[7] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[8] Under that standard, the court "look[s] for plausibility in th[e] complaint."[9] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[10]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[11] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[7] 28 U.S.C. § 1915(e)(2)(B)(ii).

[8] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[9] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[10] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[11] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

suffice."[14] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[15] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[16]

In analyzing Ms. Lucas's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[17] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[18] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[19] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[20]

---

[14] *Id.*

[15] *Twombly*, 550 U.S. at 555.

[16] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1471, 1480 (10th Cir. 1989).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[18] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[19] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[20] *Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend."[21]

## ANALYSIS

Based upon the analysis below, Ms. Lucas fails to state a claim under 42 U.S.C. § 1983. However, because Ms. Lucas may be able to cure these deficiencies with adequate allegations in an amended complaint, the court affords her an opportunity to do so.

### I.  Ms. Lucas Fails to State a Claim Under 42 U.S.C. § 1983.

Ms. Lucas's claims do not provide any basis for relief under 42 U.S.C. § 1983. "[T]o state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[22] Although the named Defendants are suable under § 1983, Ms. Lucas's claims fail for several reasons.

First, Ms. Lucas has failed to allege that any of her claims relate to the violation of a federally protected right. Instead, Ms. Lucas appears to allege that Mr. Griffiths has violated two state laws: Utah Code Section 76-5-107 and Utah Code Section 31-7-1. Additionally, although Ms. Lucas describes Mr. Griffiths's actions as "racial profiling and discrimination" she does not offer any facts suggesting that Mr. Griffiths treated her differently because of her membership in a protected class. Furthermore, Ms. Lucas has not demonstrated that protection from "harassment," "threats," and "defamation of character" are rights secured by the Constitution or

---

[21] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[22] *Bruner v. Baker,* 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quotations and citation omitted).

5

other federal laws. Accordingly, Ms. Lucas has failed to adequately plead a violation of federal law and therefore, fails to state a claim under § 1983 against either Defendant.

Moreover, Ms. Lucas's allegations that Mr. Griffiths "fabricate[d] evidence," "made a false report" about Ms. Lucas, used a "family member as bargain[ing] tool" and "threaten[ed] . . . arrest," are conclusory allegations devoid of any factual support or enhancement and therefore fail to satisfy the minimum pleading standards under Rule 8(a)(2) and Rule 12(b)(6). While Ms. Lucas's pleadings are liberally construed, the court "is not authorized to become the advocate"[23] for Ms. Lucas, and thus the court "will not construct arguments or theories for [Ms. Lucas] in the absence of any discussion of those issues."[24] Taken together, Ms. Lucas's complaint fails to state any claim on which relief may be granted.

## II.   The Court Permits Ms. Lucas to Amend Her Complaint.

Based upon the foregoing analysis, Ms. Lucas fails to state a claim on which relief may be granted. However, dismissal is proper only "if it is obvious that [she] cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[25] Therefore, the court will allow Ms. Lucas to amend her complaint because she might be able to cure these deficiencies with adequate allegations. Accordingly, the court hereby orders Ms. Lucas to submit an amended complaint by February 28, 2025. The court will then address whether Ms. Lucas's amended complaint states a claim for relief. If it fails to do so, the court may recommend dismissal of this action.

---

[23] *Hill v. Corr. Corp. of Am.*, No. 02-3238-JAR, 2005 WL 1862405, at *3 (D. Kan. Aug. 3, 2005).
[24] *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991).
[25] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. Ms. Lucas is ordered to file an amended complaint by February 28, 2025. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Ms. Lucas's failure to file an amended complaint may result in dismissal of this action.

4. Ms. Lucas's motion to proceed in forma pauperis[26] is TEMPORARILY GRANTED.

IT IS SO ORDERED.

DATED this 31st day of January 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[26] ECF No. 2.